In re Gary L. REINERT, Sr., Power Contracting, Inc., MFPF, Inc., Metal Foundations, LLC, Dressel Associates, Inc., Flying Roadrunner, Inc., and Grille on 7th, Inc., Debtors.

Metal Foundations Acquisition, LLC, Movant,

v.

Gary L. Reinert, Sr., Jet Industries, LLC and Baha's Web, Inc., Respondents.

Bankruptcy Nos. 11–22840–JAD, 11–22841–JAD, 11–22842–JAD, 11–22843–JAD, 11–22844–JAD, 11–22845–JAD, 11–22846–JAD.

United States Bankruptcy Court, W.D. Pennsylvania.

April 10, 2012.

David Z. Valencik, Donald R. Calaiaro, Calaiaro & Corbett, P.C., Pittsburgh, PA, for Debtor.

Owen W. Katz, Pittsburgh, PA, Robert Shearer, Robert Shearer, P.C., Leechburg, PA, for Trustee.

Heather A. Sprague on Behalf of the United States Trustee, Office of the United States Trustee, Pittsburgh, PA, for U.S. Trustee.

David Bruce Salzman, Paul J. Cordaro, Campbell & Levine LLC, Pittsburgh, PA, for Creditor Committee.

### MEMORANDUM and ORDER of COURT

JEFFERY A. DELLER, Bankruptcy Judge.

The matter before the Court is the *Respondent's Motion to Dismiss Baha's Web, Inc. as to Movant's Motion to Enforce and/or Motion to Compel Filing of Adversary Proceeding* ("Motion to Dismiss"), filed by Baha's Web, Inc. ("Baha"). Through this motion, Baha is seeking to

dismiss the *Expedited Motion to Enforce Order Approving Sale of Property of the Estate Free and Clear of All Liens and Encumbrances* ("Motion to Enforce") filed by Metal Foundations Acquisition, LLC ("MFA"). A hearing on both motions was held April 9, 2012. At the conclusion of the April 9 hearing, the Court granted the Motion to Dismiss. This *Memorandum and Order of Court* commits the Court's analysis to writing.

In the Motion to Enforce, MFA is seeking the entry of an order enforcing MFA's rights with respect to property which MFA claims it acquired through this Court's November 8, 2011 approval of the *Trustee's Motion to Sell Property of the Estate Free and Clear of All Liens and Encumbrances and for Authority to Assume and Assign Executory Contracts* (the "Sale Motion"). Approval of the Sale Motion authorized the sale of real, personal and intellectual property belonging to the Debtor entities free and clear of all liens, claims and encumbrances. Among this property are five domain names used in connection with the businesses of the Debtor entities, which are allegedly under the possession and control of Baha.

Following approval of the Sale Motion, MFA contacted Baha seeking a transfer of ownership of the five domain names in question. Baha refused to relinquish title to the domain names, disputing that the domain names were actually property of the estate of the Debtor entities and were subsequently transferred pursuant to approval of the Sale Motion. In the Motion to Dismiss, Baha alleges that it has not been made a party to the bankruptcy proceeding, and thus, MFA must seek declaratory relief or turnover of property by way of an adversary proceeding or civil action filed in a court of competent jurisdiction.

Section 363(f) of the Bankruptcy Code permits a trustee to sell property of the estate free and clear of all liens, claims and encumbrances. 11 U.S.C. § 363(f). Motions filed under § 363(f) are to be designated as contested matters and must be served upon all lienholders and third parties in interest. *See* Fed. R. Bankr.P. 6004(c). Due process requires that third parties who maintain an interest in the property to be sold pursuant to § 363(f) must be given "fair notice" and an opportunity to be heard. *In re Takeout Taxi Holdings, Inc.,* 307 B.R. 525, 531 (Bankr. E.D.Va.2004). The notice provided must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). The notice provided here was not sufficient to apprise Baha that its alleged interests in the domain names were at issue in the sale.

Baha was not listed as a respondent in the Sale Motion. Aside from generally listing "domain names and corporate names and registrations . . ." belonging to the Debtor entities as part of the assets to be sold, the Sale Motion did not specifically describe or identify any of the domain names subject to sale.[1] (Doc. # 488, Exhibit "1", "Exhibit A"). Additionally, the Sale Motion did not assert any affirmative relief against Baha or explain that the sale would affect Baha's interest in the domain names, to the extent such any such interest exists. Thus, Baha was not properly afforded an opportunity to present any objection it might have had to the impact

---

1. This phrase is not in the Sale Motion itself, but rather is located in Exhibit A to the credit bid agreement, which was attached as Exhibit 1 to the Sale Motion.

of the sale on its alleged interests in the domain names.

Upon further review of the docket following the April 9 hearing, the Court discovered that Baha was actually served with the notice of hearing on the Sale Motion.[2] (See Doc. # 498, unnumbered p. 25). However, this does not change the Court's analysis or conclusion. To satisfy constitutional due process "[t]he paper served must contain adequate information. The content must be reasonably calculated to put the respondent on notice. The person whose interests are sought to be affected should be identified." *Takeout Taxi*, 307 B.R. at 532. The notice of hearing may have been sufficient to notify Baha of the pendency of the action, but it did **not** sufficiently advise Baha that its alleged ownership interest in the domain names was at issue in the proceeding. Moreover, the sale at issue was an "as is, where is" sale "with all faults." Nothing in the Sale Motion itself sought a determination or declaratory judgment that the bankruptcy estate actually owned the unspecified domain names at issue. As a result, Baha is not bound by the terms of the order approving the Sale Motion (because there is no affirmative relief contained in it which consists of a determination of Baha's rights vis-à-vis the estate's interest).

Because Baha is a third party, which is not bound by the terms of the order approving the Sale Motion, the Motion to Enforce is not an appropriate vehicle for MFA to assert an interest in the domain names. Rather, the issue of whether the domain names were property of the Debtor at the time of the sale must be filed by way of an adversary proceeding.

2. The Court was originally under the mistaken impression that service of process was not

WHEREFORE, based on the foregoing, it is hereby **ORDERED, ADJUDGED** and **DECREED** that:

1. The Motion to Dismiss filed by Baha's Web, Inc. is **GRANTED.**

2. To the extent the Metal Foundations Acquisition, LLC, wishes to assert any claim or claims it may have against Baha's Web, Inc., Metal Foundations Acquisition, LLC must do so by filing an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001, *et seq.*

3. To the extent the Motion to Enforce contains a request for relief as against other parties, that motion is and remains pending.